JONAH J. GOLDSTEIN, Appellant, *v.* JAMES L. HUNTER and Another, Respondents.

Second Department, May 22, 1931.

*Albert de Roode* [*David Goldstein* and *S. S. Goldsmith* with him on the brief], for the appellant.

*Edward J. Pigott* [*Anthony B. Bernard* with him on the brief], for the respondents.

PER CURIAM. Action to restrain defendants from cutting off the private sewer connection leading from plaintiff's property through property of the defendants to a municipal sewer laid in a street upon which defendants' property abuts. Title to the properties in question, together with that of other adjacent properties, was derived from a common grantor. The learned Special Term concluded that no easement existed because the sewer pipe " was so located that it was not open, apparent or visible," and that defendants had no knowledge of the existence of the pipe until about one month after they moved into the premises. We conclude that the ruling was correct. " An underground drain which is not apparent to the purchaser from the common owner " does not create a servitude binding upon an alleged servient tenant where the drain is not " open and visible." The grantee in such a case takes his land according to the terms of his deed and " has the right to suppose that the apparent condition is the real one." (*Munsion* v. *Reid*, 46 Hun, 399; affd., *sub nom. Treadwell* v. *Inslee*, 120 N. Y. 458, 465.) The defendants bought a plot of land on which there was a dwelling house. Whatever the plumbing system may have been is not shown, but presumably it was of the ordinary character incident to a dwelling house with its interior plumbing. There was nothing to indicate to them that they were about to become the users of a private sewer in which others had a right to share. Nothing appeared on the surface to warn or notify the defendants that the land was burdened with another's private sewer. We do not think the defendants were obliged to examine the various houses near this property and ascertain how the sewage from these houses was disposed of. The " ' careful inspection by a person ordinarily conversant with the subject,' " as pointed out in some of the cases (*Lampman* v. *Milks*, 21 N. Y. 505; *Hamel* v. *Griffith*, 49 How. Pr. 305), could not devolve any such duty upon the defendants as called for their entering other houses, before they bought, to determine the method of sewage disposal. Nor were

they required to dig into the earth to determine whether there was a private sewer pipe. The rule announced by this court in *Steinbeck* v. *Helena* (195 App. Div. 186, 189), " that the controlling point in the authorities is the fact that the alleged easement was not open and visible and was not known to the defendant when she took her title to the alleged servient tenement," is the correct rule. We reiterate and apply it.

The judgment should be affirmed, with costs.

LAZANSKY, P. J., KAPPER, CARSWELL and SCUDDER, JJ., concur; DAVIS, J., dissents.

Judgment affirmed, with costs.