CHARLES W. WILBUR ET AL., APPELLANTS, V. SCHWEITZER EXCAVATING CO., A CORPORATION, ET AL., APPELLEES.

148 N. W. 2d 192

Filed February 3, 1967. No. 36263.

Kier, Cobb & Luedtke, Larry T. Reida, and Healey & Healey, for appellants.

Cline, Williams, Wright, Johnson, Oldfather & Thompson, Charles M. Pallesen, Jr., and Fraizer & Fraizer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

WHITE, C. J.

A gas fire in plaintiffs' house on May 13, 1964, was caused by an excavator striking a gas service line running across a vacant building lot immediately to the south of plaintiffs' house. Plaintiffs sued the excavator, Schweitzer Excavating Company, and Schweitzer's employer, Victory Realty, Inc., and Victor E. Larson, its president. At the close of the plaintiffs' evidence the trial court directed a verdict for all of the defendants and this appeal followed,

The pertinent facts of this case are almost undisputed. Plaintiffs were the owners of a house at 6341 Colby

Street, facing north and situated on the north portion of a tract of land owned by plaintiffs, described as Lots 1, 2, and 3, Block 35, Bethany Heights, Lincoln, Lancaster County, Nebraska. Sixty-fourth Street runs north and south immediately to the east of Lot 1. Plaintiffs sold the south 60 feet of Lots 1 and 2, and the east 40 feet of the south 60 feet of Lot 3 to defendant Victory Realty, the deeds being recorded on April 24, 1964. Plaintiffs knew a house was going to built on the property. Easements on their property were granted and recorded as to sanitary and storm sewers, power and electric lines, and for underground circuits of the Lincoln Telephone and Telegraph Company. But there were no reservations or filings relating to any easement for gas lines or similar installations on the property, either in the office of the register of deeds or in the application filed at the city hall to subdivide the lots. The gas pipeline ran north from the gas main in the alley between Sixty-third and Sixty-fourth Streets to the southeast corner of plaintiffs' house, across the property deeded to defendant Victory Realty. The pipeline was about 2 feet beneath the surface, and there was nothing on the surface to indicate its presence. None of the parties knew of its existence. There was a gas main in Sixty-fourth Street as well as in the alley. Plaintiffs knew their house was serviced by gas and had an outside gas lamp installed to the north and in front of the house. The records of the gas company showed the installation of the gas service line on June 3, 1949.

On May 5, 1964, the defendant Victory Realty contracted to build a house on the tract in question for Mr. and Mrs. Galen Miner, and deeded the property to them on May 8, 1964, 5 days before the fire. Defendant Victory Realty orally contracted with defendant Schweitzer Excavating Company to do the excavating work for the basement. On May 13, 1964, Schweitzer's employee, Louthan, operating a front-end loader type of earth moving equipment, struck the gas service line, lifting it

up, pulling it loose and away from the house, causing the escape of gas which followed the remainder of the pipe into the basement, and resulting in a fire when ignited by a hot water heater that was sitting directly under the gas service. Extensive damage resulted.

It is undisputed that none of the defendants had any actual knowledge of the gas service line running across this vacant tract of ground, nor were there any easements or notice of record charging them with knowledge of its existence. It also appears that there was nothing on the surface of the ground that would put the defendants on notice of the existence of the gas line. The plaintiffs' primary contention is that the contractor Victory Realty and the defendant Schweitzer Excavating Company had the duty to check with the gas company to ascertain the existence and location of the gas service line.

It is fundamental that in order to constitute actionable negligence there must be a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and damage resulting therefrom. Ring v. Kruse, 158 Neb. 1, 62 N. W. 2d 279; Langenfeld v. Union P. R.R. Co., 85 Neb. 527, 123 N. W. 1086; McDonald v. Omaha & C. B. St. Ry. Co., 128 Neb. 17, 257 N. W. 489; Peterson v. State Automobile Ins. Assn., 160 Neb. 420, 70 N. W. 2d 489; 65 C. J. S., Negligence, § 4 (1), p. 475.

Was there a duty, under the circumstances, to check with the gas company and discover the existence and location of the gas pipeline? We think not. Plaintiffs cite no authorities that support their position. They cite McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384, an automobile accident case, and quotations as to the general definitions of negligence and proximate cause from Restatement, Torts, and Corpus Juris Secundum. With the law therein cited we are in agreement but none of these authorities bear on the precise question presented under the facts herein. They cite

Ohio Fuel Gas Co. v. Pace Excavating Co., (Ohio App., 1963), 187 N. E. 2d 89. This was an indemnity action by a gas company against an excavator for damages it had paid resulting from a fire and explosion occurring in a home as the result of leaking gas. The petition alleged that the excavator had negligently struck and damaged a gas line and had covered it without repairing it or warning others of its dangerous condition. The case turned on questions of indemnity law and active and passive negligence, and no issues were raised or discussed as to whether or not the excavator had knowledge of or a duty to ascertain the existence of the gas line. The case has no bearing on the issues in this case.

The cases touching on this subject seem to establish a duty on the part of an excavator in a public street or road to ascertain the existence of the pipelines, and other conduits. Pioneer Natural Gas Co. v. K. & M. Paving Co. (Tex., 1963), 374 S. W. 2d 214; Frontier Telephone Co. v. Hepp, 66 Misc. 265, 121 N. Y. S. 460; Willmar Gas Co., Inc. v. Duininck (1953), 239 Minn. 173, 58 N. W. 2d 197; Illinois Bell Telephone Co. v. Charles Ind Co. (1954), 3 Ill. App. 2d 258, 121 N. W. 2d 600; Annotations, 53 A. L. R. 2d 1083, 5 A. L. R. 2d Later Case Service, p. 287.

We find no cases that support the existence of such a duty under the circumstances of this case where there was no actual knowledge of the gas service line, nothing on the surface to indicate its presence, and no recording in the public records of its existence. A case closely in point is Perry v. Ready Mix Concrete Constr. Co., 66 Ga. App. 716, 19 S. E. 2d 196. In that case the defendant was employed as an independent contractor and while grading on a private lot within the city he struck a gas line which caused an explosion. The petition alleged in substance no actual knowledge by the defendant of the pipeline but alleged that it should have ascertained the existence of the pipeline; that he should have known of the existence of the pipeline since he was engaged in the business of grading and leveling

lots on urban property; and that he should have antici-
pated the presence of a gas pipeline on the lot. In sus-
taining a demurrer to the petition the court said: "Of
course, the right to recover of the defendant depends
upon the existence of three facts: (a) A legal duty
resting on the defendant towards the plaintiff; (b) the
violation of that duty by the defendant; (c) injury and
damage to the plaintiff proximately resulting from the
breach of the defendant. The petition fails to show any
duty owed by the defendant to the plaintiff. It did not
own the lot and was under no general duty to know of
the presence of a pipe line beneath the ground. The
allegations of the petition charge at most only construc-
tive or implied notice to the defendant as to the exist-
ence of the pipe line or as to its duty to anticipate. Such
allegations, without facts showing why the defendant
should have known of or should have anticipated the
presence of the pipe line on the lot, are not good against
general demurrer. Smith v. Jefferson Hotel Co., Inc.
48 Ga. App. 596, 599 (173 S. E. 456). As was said in
Pacetti v. Central of Ga. Ry. Co., 6 Ga. App. 97: 'In that
class of cases in which the duty of anticipation is nor-
mally absent, the plaintiff, in order to assert a valid
cause of action, must state unequivocally that the de-
fendant had actual knowledge, or else must set up such
a state of facts and circumstances as would take the case
out of the normal, and raise the duty where it other-
wise would not exist.' See also Fulton Ice Co. v. Pece,
29 Ga. App. 507, 519 (116 S. E. 57). The allegation that
the fact that the defendant knew that pipe lines with ex-
plosive gas were laid underneath the ground 'on various
and sundry lots in the City of Columbus' and that be-
cause of this knowledge it should also have known of
the existence of the pipe line under the lot in question
is not, in our opinion, more than a conclusion, and is
not sufficient to support the charge of constructive
knowledge, especially when it is otherwise shown by
the petition that there was no house, building, or struc-

ture on the premises to suggest the presence of a gas service pipe line."

The pertinence of this case to the present one is apparent. We further point out that in the present case the presence of a gas line was negatived by the absence of notice from any public record although other easements were granted and of record. We point out further that a purchaser of real estate is charged with notice of an easement only where its existence is apparent from an inspection of the premises or where he is charged with notice from the recording laws. 55 Am. Jur., Vendor and Purchaser, § 732, p. 1100; Schmidt v. Hilty-Forster Lumber Co., 239 Wis. 514, 1 N. W. 2d 154; 28 C. J. S., Easements, § 49, p. 712.

In Mountain States Tel. & Tel. Co. v. Kelton, 79 Ariz. 126, 285 P. 2d 168, the defendant excavator under a contract with the owners, dug up and damaged a buried telephone cable on private property, the easement for which had been duly recorded. In holding for the defendant excavator the court said: "It is admitted that the contractor had no actual notice that there was a buried cable, nor was this fact apparent from the visible inspection made by them of the premises prior to commencing the contracted work. We cannot agree with the implication that the contractor was bound to search the records and is charged with constructive notice of the contents thereof. * * * We do not believe the contractor in the instant case was bound to search the record to learn of plaintiff's easement. He had no interest in the title to the land. We have been cited to no cases where constructive notice was applied to such a situation, nor has an independent search revealed such an extension of the doctrine. We hold defendants Kelton were not charged with notice of plaintiff's easement, hence this assignment of error is without merit." See, also, Goldstein v. Hunter, 232 App. Div. 431, 250 N. Y. S. 374.

We hold, therefore, that under the circumstances of

this case, there was no evidence of actual or constructive knowledge of the existence and location of the gas service line, and consequently no duty to protect against this hazard arose as to the defendants.

Plaintiffs' next contention overlaps their first. They contend that the defendants had knowledge of the gas line because it was shown that there was a gas lamp to the north and in front of the house at 6341 Colby Street, owned and installed by plaintiffs. The light was situated about a quarter of a block from the construction site and to the north of the house while the excavation was to the south. The existence of the lamp gave no indication of where the gas service line ran. They further argue that the defendants should have known the location of the line because they are charged with knowledge that the gas mains were laid in the alleys in Bethany. But the evidence is that some were in the alleys and some in the streets, and there was a gas main to the east in Sixty-fourth Street running past 6341 Colby Street, the plaintiffs' house. None of the defendants had actual knowledge of a gas main in the alley. There is no merit to these contentions.

Plaintiffs complain that the trial court erred in sustaining an objection to a question directed at the witness Kenneth Schweitzer asking him if there was a "hazard" in hitting a line on property within the city. The question called for a conclusion and opinion and the objection was properly sustained. Furthermore, the answer as shown in the offer of proof, "Well, this could be held true anyplace whether in the city or where it is," is so vague and general as to have no bearing on the actual issue being tried, actual or constructive knowledge of the location of the line.

Much of the argument in the briefs is devoted to the questions of whether the plaintiffs, who sold the property with knowledge that a house was going to be built thereon, had a duty to reserve an easement for their gas service line or to otherwise discover and warn of

the location and existence of the line, since they had knowledge that there was a gas line and had granted other easements. In light of our determination as to the duty of the defendants herein, we do not deem it necessary to decide this issue.

We point out that the plaintiffs failed to produce any evidence as to the custom in the community, any standard of care, or expert testimony indicating that any of the defendants had a duty to check with the gas company and have it locate the gas service line. Our court has held that evidence of the ordinary practice or of the uniform custom of persons in the performance of acts under similar circumstances of acts like those alleged to be negligent is competent evidence. In O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123, it was stated as follows: "The general rule is that '* * * upon the issue of negligence or contributory negligence, evidence of the ordinary practice or of the uniform custom, if any, of persons in the performance under similar circumstances of acts like those which are alleged to have been done negligently is generally competent evidence.' 38 Am. Jur., Negligence, § 317, p. 1015. See, also Annotation, 137 A. L. R. 611; Tite v. Omaha Coliseum Corporation, 144 Neb. 22, 12 N. W. 2d 90, 149 A. L. R. 1164." See, also, Brackman v. Brackman, 169 Neb. 650, 100 N. W. 2d 774. There is no evidence showing ordinary practice or custom on the part of contractors or excavators in the community with reference to locating gas service lines. The evidence is that customers and other people, including contractors, do make inquiries and that the gas company has a pipe locator. This is not sufficient evidence to establish a legal duty on the part of the defendants.

The only real issue in this case is whether as a matter of law the defendants were under a duty to ascertain the existence of a gas pipeline when there was no easement reserved or public record of its existence, and they had no actual knowledge of it or conditions ex-

isting on the premises to warn them of it. That issue must be resolved adversely to plaintiffs.

Since there was no duty arising from knowledge, actual or constructive, of the existence and location of the gas service line as to any of the defendants it, therefore, becomes unnecessary to determine any issues as to a difference in liability existing between the contractor, Victory Realty, Inc., and the subcontractor, Schweitzer Excavating Company.

The judgment of the district court dismissing the action as to all defendants is correct and is affirmed.

AFFIRMED.

Note: Since this case was submitted, John E. Newton, District Judge, has become a Judge of this Court.