MICHAEL HOEFER, BY AND THROUGH ARLO HOEFER, HIS
FATHER AND NEXT FRIEND, APPELLANT, V. EDWARD J.
MARINAN ET AL., APPELLEES.
ARLO L. HOEFER, APPELLANT, V. EDWARD J. MARINAN
ET AL., APPELLEES.

238 N. W. 2d 900

Filed February 26, 1976.  Nos. 40208, 40209.

Philip M. Kneifl and Charles O. Forrest of Kneifl, Kneifl & Forrest, and Jon J. Gergen, for appellants.

William E. Gast and Emil F. Sodoro, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a consolidated personal injury action brought by Michael Hoefer, hereinafter referred to as Hoefer, by and through Arlo Hoefer, his father and next friend, and Arlo Hoefer, against Edward J. Marinan, hereinafter referred to as Marinan or defendant, and Truck

& Refrigeration Repair Company, Inc. Motions by Truck & Refrigeration Repair Company, Inc., for summary judgment were sustained. The case proceeded to trial against Marinan. At the close of the plaintiffs' case defendant moved for a directed verdict. After defendant indicated he would adduce no further evidence, plaintiffs moved for a directed verdict on liability. Plaintiffs' motion was overruled. Defendant's motion was sustained. Plaintiffs prosecute these appeals. We affirm.

On August 24, 1973, about 8 o'clock in the evening, Hoefer was riding his motorcycle northbound on 42nd Street in Sarpy County. At the same time Marinan, in a pickup truck owned by Truck & Refrigeration Repair Company, Inc., was southbound on 42nd Street approaching Patricia Lane. Patricia Lane abuts 42nd Street and extends to the east. Forty-second Street, a two-lane north and south street, has a rather steep uphill incline from north to south past Patricia Lane, rising to a crest some 150 feet south of the intersection where the grade reverses and becomes a decline. The speed limit on 42nd Street at that point is 25 miles per hour.

At the time and place mentioned the motorcycle operated by Hoefer collided with the truck operated by Marinan. This occurred in the south-east portion of the intersection of 42nd Street and Patricia Lane. Hoefer, who sustained serious injuries, has no recollection of the collision. Defendant was the only eyewitness to the actual collision.

Marinan, who is president of the defendant corporation, was returning from work to his home on Patricia Lane. He testified he turned his blinkers on to indicate a left turn onto Patricia Lane about a block from the intersection. He approached the intersection at 15 miles per hour. Before entering the intersection he stopped to see if any traffic was coming, saw none, and turned. When he was partially into his turn he first saw the headlights of Hoefer's motorcycle coming down the hill.

At that time the front of his truck was in the north-bound lane on 42nd Street, blocking the northbound lane. He was then traveling 3 to 4 miles an hour but immediately accelerated in an attempt to avoid a collision. He was unsuccessful.

Mrs. Jeannie Frederick, who lived in a home at the crest of the hill on 42nd Street, testified that she was standing at the front door of her home and observed Hoefer's motorcycle go past on 42nd Street. She testified she continued to observe the motorcycle as it traveled across her field of vision from left to right from the moment it appeared until it left her field of vision. In her opinion the speed of Hoefer's motorcycle was 50 miles per hour.

Keith Frederick testified that the intersection of 42nd Street and Patricia Lane is located approximately 1/2 block or 200 feet north of his driveway which is north of his home. The exhibits in evidence would indicate that the approximate distance from the driveway is 150 feet. He did not see the accident but went to it immediately thereafter. He observed the defendant's truck in a stationary position facing east and sitting somewhat over the eastern curb line of 42nd Street. He observed debris on 42nd Street, "where it appeared the vehicles had come together." This was in the north-bound lane of 42nd Street in the intersection of that street with Patricia Lane. He placed the truck past the centerline of 42nd Street with the rear approximately 4 or 5 feet to the west of the east curb line of 42nd Street. He saw skid marks sideways from the truck's wheels. He estimated these skid marks to be approximately 5 feet. It looked as though the truck had been pushed sideways by the impact.

The deputy sheriff, who investigated the accident, placed the point of impact between the two vehicles at approximately the eastern-most edge or curb line of 42nd Street in the intersection of Patricia Lane.

The above is only a very fragmentary sketch of the

facts, but will suffice for our purposes. The first question we meet is whether there is any evidence of negligence on the part of the defendant. The burden of proof is on the plaintiff to prove negligence on the part of the defendant by a preponderance of the evidence. Negligence must be proved by direct evidence or by facts from which negligence can reasonably be inferred. In the absence of such proof, negligence will not be presumed. See Price v. King, 161 Neb. 123, 72 N. W. 2d 603 (1955).

A motion for a directed verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Where, however, the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question as a matter of law rather than to submit it to a jury for determination. See Milk House Cheese Corp. v. Chicago, B. & Q. R. R. Co., 161 Neb. 451, 73 N. W. 2d 679 (1955).

In reviewing the record we do not find even a scintilla of evidence to suggest that Marinan was negligent in any particular. Mrs. Frederick, plaintiffs' witness, gave the speed of Hoefer's motorcycle at 50 miles per hour. Plaintiffs object to the admission of this testimony. We find it was properly admitted. They attempt to impeach it by questioning her estimate of time. They premise most of their argument on that point, assuming that the time factor was sufficient to raise a question. We do not so view it.

Plaintiffs called Marinan as their witness. They attempt to attack his testimony by some alleged contradictions from his deposition. Marinan's testimony was not confused or contradictory so far as the events lead-

ing up to the collision are concerned. It is evident to us that Marinan properly entered the intersection before Hoefer came into view, and did everything possible to avoid a collision when one became imminent. The physical facts as well as the testimony clearly demonstrate that Marinan was properly in the intersection. A collision would not have occurred in the absence of negligence on the part of Hoefer. Ignoring the question of the negligence of Hoefer, plaintiffs have failed to prove negligence on the part of Marinan sufficient to present a submissible issue. Certainly plaintiffs have not proved negligence by a preponderance of the evidence. The motion for a directed verdict was properly sustained. The judgment is affirmed.

AFFIRMED.