DELORES E. HRABIK, AS SPECIAL ADMINISTRATRIX OF THE
ESTATE OF MICHAELA ANN SHEA, DECEASED, APPELLANT,
v. JAMES E. GOTTSCH ET AL., APPELLEES.

251 N. W. 2d 672

Filed March 23, 1977. No. 40813.

Frank Matthews of Matthews, Kelley, Cannon & Carpenter, for appellant.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action for wrongful death resulting from a car-pedestrian accident. The District Court sustained a motion to dismiss at the conclusion of plaintiff's evidence and plaintiff has appealed.

At about 12:45 a.m., January 20, 1973, the 14-year-old daughter of the plaintiff and two companions were crossing Military Avenue on foot at a point near Fort Street in the outskirts of Omaha, Nebraska, when they were struck by a car driven by de-

fendant. Plaintiff's daughter and one of her companions were killed.

Military Avenue is a controlled access four-lane highway running northwest to southeast. The two westbound traffic lanes, each 13 feet wide, are divided from the eastbound traffic lanes by a 14-foot concrete median. The median narrows a short distance east of the place of the accident to form a 10-foot left-turn lane for westbound traffic turning southwest to Fort Street. Fort Street intersects Military Avenue at an angle from the southwest and terminates. The weather on the night of the accident was clear. The pavement was dry, straight, and level, and the temperature was 33 degrees. The area was dark. The posted speed limit was 50 miles per hour. The pedestrians were wearing dark clothing except that plaintiff's decedent was wearing a yellow top.

Plaintiff's decedent and a girl friend were helping a boy to cross Military Avenue from south to north at a point some distance east of Fort Street and between intersections. They were supporting him between them and he was dragging his feet. They proceeded slowly across the eastbound lanes. The driver of an eastbound car did not see them until they were in the middle of her lane and she was forced to stop suddenly to avoid hitting them. The pedestrians proceeded in front of the car and onto the median without looking at the car. When the three pedestrians crossed the median there were two cars approaching in the westbound lanes somewhat less than a block away. One of the cars was in the inside lane preparing to turn into the left-turn lane. The defendant's car was in the outside lane. A passenger in the car in the inside lane testified that when the car was about 250 or 300 feet away, he looked up and saw the pedestrians on the median. He did not recall whether the pedestrians looked for oncoming traffic or not. The pedestrians proceeded

across the left-turn lane and into the inside westbound lane. The car in which the passenger was riding proceeded into the left-turn lane and passed behind the pedestrians. The pedestrians crossed the inside lane and continued into the outside lane and were struck by the defendant's automobile a few feet from the north edge of the pavement. The defendant said that he did not see the pedestrians until they were right in front of him, and that he was traveling 40 miles per hour. He put on his brakes just before the impact and left 123 feet of skidmarks. Plaintiff's decedent was dead on arrival at the hospital.

The defendant denied any negligence on his part and alleged that the plaintiff's decedent was guilty of contributory negligence more than slight. At trial plaintiff attempted to introduce evidence by an accident reconstruction expert that the defendant was exceeding the posted speed limit and was going at least 52.4 miles per hour at the time of the accident. The reconstruction was done 3 years after the accident on the basis of police photographs taken on the night of the accident. That evidence was objected to and the objection was sustained.

The evidence was that the defendant had had two beers at about 8 p.m. A breathalyzer test approximately 2 hours after the accident showed a blood alcohol level of .0125. The plaintiff attempted to introduce evidence from a toxicologist that an average male weighing 150 pounds would have had a probable blood alcohol level of .05 at the time of the accident to have had a .0125 blood alcohol level 2 hours later, and that it would have taken five beers at 8 p.m., to have produced the .05 level. The evidence of the toxicologist was objected to and that objection was also sustained.

At the conclusion of plaintiff's evidence, the defendant moved for dismissal and the court sustained that motion.

The critical issue on appeal is whether or not the conduct of plaintiff's decedent constituted contributory negligence more than slight and bars recovery as a matter of law. Where the evidence is such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question as a matter of law rather than submit it to the jury. Hoefer v. Marinan, 195 Neb. 477, 238 N. W. 2d 900. Where reasonable minds may differ as to the conclusions or inferences to be drawn from the evidence, and where there is a conflict in the evidence, such issues must be submitted to the jury. Hansen v. Hasenkamp, 192 Neb. 530, 223 N. W. 2d 44.

Certain principles are particularly applicable in the case of pedestrian accidents. One who attempts to cross a street between intersections without looking is guilty of such negligence as would bar recovery as a matter of law. A pedestrian who crosses a street between intersections is required to keep a constant lookout for his own safety in all directions of anticipated danger. Merritt v. Reed, 186 Neb. 561, 185 N. W. 2d 261. When one, being in a place of safety, sees or could have seen the approach of a moving vehicle in close proximity to him and suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight as a matter of law and precludes recovery. Lileikis v. Kudirka, 180 Neb. 742, 145 N. W. 2d 441; Blum v. Brichacek, 191 Neb. 457, 215 N. W. 2d 888. In the case now before us, the night was clear, the area was dark, and the highway was straight and level. The evidence is undisputable that if plaintiff's decedent had looked prior to leaving the place of safety in the median or anytime thereafter, she could and should have seen the headlights of defendant's approaching vehicle.

We have consistently held that when a pedestrian crosses a street between intersections without look-

ing at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, and proceeds regardless of that fact, the situation ordinarily presents a question for the court. Where the pedestrian looks but does not see an approaching automobile, or sees it and misjudges its speed or its distance from him, or for some other reason concludes that he could avoid injury to himself, a jury question is usually presented. Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64.

Where a motion to dismiss has been sustained, the facts must be viewed in the light most favorable to the plaintiff. See Armbruster v. Stanton-Pilger Drainage Dist., 165 Neb. 459, 86 N. W. 2d 56. In the case before us there is no testimony that plaintiff's decedent looked at any time, but there is testimony that at some times during the crossing she was not looking. In any event, the evidence is uncontradicted that she was not keeping a constant lookout for her safety during the crossing. Even if it might be said that plaintiff's decedent may have looked, the evidence is then clear that she moved from a place of safety into the path of an approaching vehicle. In either event, she was guilty of contributory negligence more than slight as a matter of law.

In view of the disposition made it is unnecessary to consider the assignments of error directed to the expert testimony. Even if admitted and considered in the light most favorable to the plaintiff, that evidence would not change the result here.

The judgment of the District Court is affirmed.

AFFIRMED.