ENZO FLORIDIA, APPELLEE, V. JAMES FARLEE ET AL., APPELLANTS.

266 N. W. 2d 204

Filed May 24, 1978. No. 41467.

Stephen A. Davis and Patrick B. Donahue of Cassem, Tierney, Adams & Gotch, for appellants.

Ronald H. Stave and Joseph S. Daly of Emil F. Sodoro Law Offices, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Defendants appeal from a jury verdict and judgment against them awarding $50,000 damages to plaintiff for personal injuries and related damages received in an intersection two-car accident. Plaintiff, age 15 years, was a passenger in a car driven by David Skutnik which collided with a car owned by defendant James Farlee, and driven by his son, J. John Farlee, age 18 years, who will hereafter be called Farlee. At the close of the evidence upon plaintiff's motion, the trial court found the negligence of Farlee was the proximate cause of the accident. The issue of plaintiff's injuries and damages was submitted to the jury. The only issue on appeal here is defendants' claim that it was error for the court to direct on the issue of liability. We affirm.

Plaintiff's specific allegations of negligence were lookout, speed, control, failure to accord right-of-way, and violation of statutes. Defendants by their separate answers denied negligence. There was no issue of either contributory negligence, intervening cause, or that driver Skutnik was negligent. The parties stipulated that the defendants' car was being used for a family purpose.

The accident occurred on August 4, 1972, about 4 o'clock p.m. at the intersection of 108th Street and West Center Road, Omaha, Douglas County, Nebraska. The street surface was dry and visibility was clear. West Center Road is a four-lane east-west street, with a dividing median, having turning lanes for traffic turning left from each direction. At the time of, and just prior to, the collision the traffic light for eastbound and westbound traffic at the intersection was green.

Prior to impact, Farlee was proceeding west on West Center Road. He had stopped for about 1 min-

ute in the left turning lane waiting for traffic to clear and to complete a left-hand turn south onto 108th Street. In the outside eastbound lane of West Center Road, about one car length west of the edge of the intersection, there was a stalled car with several cars stopped back of it, extending back more than a block. One of these cars was the Skutnik car. While Farlee was stopped and waiting to make a left-hand turn, he looked west as far as 120th Street and saw no approaching eastbound cars in the inside lane of West Center Road. Skutnik pulled out of the stalled lane of cars into the eastbound, inside lane of West Center Road and proceeded east into the intersection. Plaintiff estimated Skutnik's speed at 30 to 40 miles per hour just prior to the time Skutnik applied his brakes, leaving tire skid marks measuring 56½ feet to point of impact in the intersection. Farlee looked west before starting his left-hand turn and never saw the Skutnik car. After traveling a few feet into the intersection at about 5 miles per hour, Farlee heard the screeching of tires and was stopping, or had stopped his car, just prior to impact. The front ends of the two cars were in collision, with more damage to the right front of the Farlee car and to the left front of the Skutnik car.

Negligence is doing something which an ordinarily prudent person would not have done under similar circumstances, or failing to do something which an ordinarily prudent person would have done under similar circumstances. Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557. In order to constitute actionable negligence there must be a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty, and damages resulting therefrom. Wilbur v. Schweitzer Excavating Co., 181 Neb. 317, 148 N. W. 2d 192. The defendants owe the same duty of care to plaintiff as a passenger in an approaching car as they owe to the driver of that car. Miller v. Abel

Constr. Co., 140 Neb. 482, 300 N. W. 405.

Proximate cause is that cause which in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred. Hermansen v. Anderson Equipment Co., 174 Neb. 325, 117 N. W. 2d 791.

Section 39-751 (3), R. S. Supp., 1972, provided: "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway, shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." That section is now 39-636, R. R. S. 1943. Generally a violation of a statute is only evidence of negligence. Piper v. Hill, 185 Neb. 568, 177 N. W. 2d 509.

Plaintiff had the burden to prove by a preponderance of the evidence that defendants or one of them were negligent, and that their negligence was the proximate cause of the accident and the resulting injuries and damages.

"A motion for a directed verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Where, however, the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question as a matter of law rather than to submit it to a jury for determination." Hoefer v. Marinan, 195 Neb. 477, 238 N. W. 2d 900.

Farlee's testimony, when examined concerning the issues of lookout and yielding the statutory right-of-way, in part, was: "Q. How long did you stop?

A. I would say a minute. * * * Q. Well, did there come a time when you started to turn? A. Yes, I did. Q. Can you tell the jury in which direction you looked before you turned? A. I looked west and then I looked straight and made my turn. * * * Q. Did you see any traffic in lane No. 1? (Inside lane.) A. No, I didn't. * * * Q. You started your turn and then what happened? A. I started my turn and I heard brakes. * * * Q. Did you see the other car before the impact occurred? A. No, I didn't. * * * Q. Well, what did you do when you heard the brakes? A. I almost panicked. The only thing I could do was stop, hoping the car could go around me. Q. So, you applied your brakes. Did you turn your wheel to the right or left? A. Not to my recollection. Q. Did you accelerate? A. No. I was barely going at that; I was just creeping through the intersection. * * * Q. Do you have any idea how fast? A. I would say under five miles an hour. I was just easing through the intersection when I heard the brakes. * * * Q. And there isn't any question, is there, that the actual collision, the impact, occurred in what you described as lane No. 1? That would be the lane nearest the center island. A. That is true. Q. It did happen entirely in lane No. 1, did it not? A. Yes. * * * Q. And you had just barely started your turn, had you not? A. That is right. Q. In fact you hadn't really completed hardly any of your turn when this collision occurred, isn't that a fact? A. That's right. * * * Q. And almost all of the damage to your car was done to the front end? A. That's right. Q. So you really hadn't even got started to turn, had you? A. Just barely, barely started my turn.''

Farlee's testimony is clear and unequivocal concerning what he did when making the left-hand turn, and the same has the quality of a judicial admission. See Sacco v. Gau, 188 Neb. 808, 199 N. W. 2d 605.

There is some conflict in the evidence as to the lo-

cation and movement of the Skutnik car after it stopped in the outside lane. Plaintiff testified that the car was stopped 1½ to 2 blocks west of the west edge of the intersection; after the car pulled out into the inside lane, Skutnik drove east between 30 and 40 miles per hour; plaintiff turned toward the rear of the car to control some blowing papers, and as he was turning back toward the front, he heard the tires skidding and momentarily, for the first time, saw the Farlee car stopped partially out into the intersection. David Skutnik did not testify. Richard Rondazzo, a front seat passenger in the Farlee car, testified that while Farlee was stopped in the turning lane he saw no traffic approaching from the west in the inside lane; that there were three or four cars waiting back of the stalled car one of which was the Skutnik car one or two cars back of the stalled car; when Farlee started to make his left-hand turn, the Skutnik car was pulling out of the stalled lane, and he saw only the front of that car; he then turned his attention to the radio controls; and he never saw the Skutnik car again until after impact. Officer Whitted, of the Omaha police department, testified that he made an investigation, including a drawing of the accident scene and location of the point of impact; however, these particulars are not a part of the record. The point of impact, location of cars, and skid marks were not established.

The evidence is clearly without dispute that from the time Farlee started to make his left turn to the time of impact, the Skutnik car was approaching in his clear view near the west edge of the intersection within the limit of danger and it did constitute an immediate hazard to Farlee; the Skutnik car was in a favored position and Farlee had the duty to yield the right-of-way; Farlee also had the duty to look and see the Skutnik car which was in plain view; and Farlee failed in these duties.

Having considered all the facts and circumstances

and resolved every controverted fact and inference in favor of defendants, we are persuaded that in this case reasonable minds can draw but one conclusion — that as a matter of law Farlee was guilty of negligence which was substantial and the proximate cause of the accident. Plaintiff's motion for directed liability was properly granted by the trial court. Sanderson v. Westphalen, 178 Neb. 298, 133 N. W. 2d 16; Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Landmesser v. Ahlberg, 184 Neb. 182, 166 N. W. 2d 124.

AFFIRMED.