DONALD JOHN GERHARDT, SPECIAL ADMINISTRATOR
OF THE ESTATE OF LENA AUGUSTA GERHARDT,
DECEASED, APPELLANT, V.
WILLIAM EMMITT MCCHESNEY, APPELLEE.

314 N.W.2d 258

Filed January 8, 1982. No. 43521.

Warren C. Schrempp and John J. Hanley for appellant.

Gross, Welch, Vinardi, Kauffman, Day & Langdon for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ., and BLUE, District Judge.

BRODKEY, J.

Donald John Gerhardt, special administrator of the estate of Lena Augusta Gerhardt, brought this action for wrongful death, resulting from an automobile-pedestrian accident, in the District Court of Douglas County, Nebraska, against the operator of the motor vehicle, defendant William Emmitt McChesney. In his petition filed on August 16, 1976, the plaintiff alleged negligence on the part of the defendant as follows: (1) Failing to maintain a proper lookout; (2) Failing to maintain reasonable control of his motor vehicle; (3) Driving said vehicle at an excessive rate of speed under the circumstances; (4) Failing to brake, swerve, or otherwise avoid striking plaintiff's decedent; and (5) Failing to exercise ordinary care. The defendant admitted to the occurrence of the accident, denied negligence, and alleged the following specific acts of contributory negligence on the part of the decedent: (1) Failing to keep a proper lookout for the defendant's vehicle; (2) Walking onto Harney Street at a point other than an intersection; (3) Failing to stop to permit defendant's vehicle to proceed on Harney Street; and (4) Failing to yield the right-of-way to defendant's vehicle. The defendant filed a motion for summary judgment on January 22, 1980, alleging that there were no material issues of fact and that, based upon the exhibits offered at the time of the hearing, the court should enter judgment for the defendant as a matter of law. At the hearing on the motion for summary judgment, the court took the motion under advisement, stating: "In making my ruling on defendant's Motion for Summary Judgment I shall consider only Exhibit Nos. 1 through 8 and plaintiff's Answers to Interrogatories. No further evidence will be considered." Exhibits 1 through 5, contained in the bill of exceptions, are photographs of the scene of the accident; exhibit 6 is the accident report; exhibit 7 is the deposition of the defendant; and exhibit 8 is the deposition of a witness, Gregory M. Herrek. The trial court entered its order on said motion

on March 27, 1980, granting the motion and dismissing the case at plaintiff's costs. We affirm.

The evidence in the record on appeal reveals that at about 2 p.m., September 20, 1974, the plaintiff's decedent, a woman 65 years of age, was crossing Harney Street on foot at a point between 23rd and 24th Streets in Omaha, Nebraska, when she was struck by a car driven by the defendant. At the time of the accident, the defendant was proceeding east on Harney Street, a one-way street, in the lane closest to the south curb lane. The weather that day was overcast; however, the pavement was dry and there is no indication that visibility in the area was obscured by any other factors. The defendant was driving at an estimated speed of 20 to 25 miles per hour. There is little question that at the time she was struck by defendant's automobile, the decedent was attempting to cross Harney Street from the south side of the street and at a point in the middle of the block where there was no marked crosswalk. This is made clear from the photographs of the scene of the accident received in evidence. In addition, the defendant testified, in his deposition received in evidence, as follows: "Q. Did you ever see the lady that you eventually struck before you struck her? A. Just instantly before. Q. Where was she instantly before? A. She was out in front of me almost in a flash, it seemed, or should I say — I didn't realize she was going to be in front of me until she was in front of me, if that answers your question. If you can put yourself in my position, I suppose we see people every day standing by the curb or standing by a car, but they wait for us as we go by, but this woman did not wait. She stepped out in front." Even if it be considered that the foregoing testimony by the defendant was not absolutely clear as to whether the decedent was crossing from the south side to the north side of the street at the time in question or possibly had been crossing from the north curb to the south curb, the matter is set at rest, we believe, by the

allegations contained in the pleadings in this case. Plaintiff's petition filed in this matter alleges, among other things: "That on September 20, 1974 at approximately 3:00 p.m. Plaintiff's decedent was attempting to cross Harney Street at approximately 23rd Street; that said crossing was to be made in a south to north direction . . . ." Also the answer of the defendant, filed in response to plaintiff's petition, alleges that "plaintiff's decedent was crossing from south to north." These judicial admissions contained in the pleadings of the parties would seem to lay at rest any possible question as to where the decedent had been immediately prior to being struck by defendant's automobile. The testimony of the witness Gregory M. Herrek, as set out in his deposition received in evidence, does not in any way contradict this conclusion but, in effect, reinforces that conclusion. He was standing on the south side of the street near the scene of the accident. He testified he did not see the decedent but his first knowledge of the incident was when he heard the screech of brakes and a thump. He turned around and saw the decedent's body flying through the air in an arc, landing at a point about 30 feet east of where he was standing, and in the eastbound lane of traffic on the south side of the street nearest the curb. The conclusion is inescapable that as the decedent crossed the street, she emerged from a position between two cars which were parked in the south curb lane. There is evidence that the plaintiff's decedent was struck by the defendant's vehicle on the right front hood of defendant's car at a point a few feet north of the parked vehicles. The defendant states that he did not see the decedent until she was right in front of his car and that he applied his brakes just before striking her. The decedent was subsequently taken to a local hospital where she died.

The principal issue in this appeal is whether or not the conduct of plaintiff's decedent was such that it constituted contributory negligence more than slight so as to bar recovery as a *matter of law*. In this regard,

this court has stated that where the evidence is such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question as a matter of law rather than submit it to a jury. *Hoefer v. Marinan*, 195 Neb. 477, 238 N.W.2d 900 (1976); *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978). However, where reasonable minds may differ as to the conclusions or inferences to be drawn from the evidence, or where there is a conflict in the evidence, such issues must be submitted to the jury. *Hansen v. Hasenkamp*, 192 Neb. 530, 223 N.W.2d 44 (1974); *Ybarra v. Wassenmiller*, 206 Neb. 164, 291 N.W.2d 725 (1980).

In reviewing the question of whether the evidence was sufficient to submit the issues of negligence and contributory negligence to a jury, certain principles particularly applicable in the case of pedestrian accidents have been stated and uniformly applied by this court. The law is well established that one who attempts to cross a street at a point between intersections without looking is guilty of such negligence as would bar recovery as a matter of law. *Palmer v. McDonald*, 171 Neb. 727, 107 N.W.2d 655 (1961); *Hrabik v. Gottsch*, 198 Neb. 86, 251 N.W.2d 672 (1977). Furthermore, a pedestrian who crosses a street between intersections is required to keep a *constant* lookout for his or her own safety in all directions of anticipated danger. *Doan v. Hoppe*, 133 Neb. 767, 277 N.W. 64 (1938); *Merritt v. Reed*, 186 Neb. 561, 185 N.W.2d 261 (1971); *Hrabik v. Gottsch, supra.* A pedestrian who crosses a street between intersections is charged with the exercise of a greater degree of care than one who crosses a street at a crosswalk where protection is afforded by giving the pedestrian the right-of-way. *Merritt v. Reed, supra.* It has also been held that when one, being in a place of safety, sees or could have seen the approach of a moving vehicle in close proximity to him or her and suddenly moves from the place of safety into the path of such

vehicle and is struck, such conduct constitutes contributory negligence more than slight as a matter of law and precludes recovery. *Lileikis v. Kudirka,* 180 Neb. 742, 145 N.W.2d 441 (1966); *Blum v. Brichacek,* 191 Neb. 457, 215 N.W.2d 888 (1974); *Hrabik v. Gottsch, supra; Ybarra v. Wassenmiller, supra.*

In the present case, the facts indicate that the accident occurred during the afternoon hours of September 20, 1974, and that, while the sky was overcast, there was nothing presented in the record which would have prevented the decedent from observing the defendant's vehicle proceeding on Harney Street. The evidence is undisputed that if the plaintiff's decedent had looked for a car on the road before leaving her place of safety on the sidewalk, she could have seen the defendant's approaching vehicle. No reasonable excuse for not observing the defendant's car is presented in the record. "We have consistently held that when a pedestrian crosses a street between intersections without looking at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, and proceeds regardless of that fact, the situation ordinarily presents a question for the court. Where the pedestrian looks but does not see an approaching automobile, or sees it and misjudges its speed or its distance from him, or for some other reason concludes that he could avoid injury to himself, a jury question is usually presented." *Hrabik v. Gottsch, supra* at 89-90, 251 N.W.2d at 675. See, also, *Doan v. Hoppe, supra.* While there is no evidence in the record to indicate that at any time prior to the accident the plaintiff's decedent looked for automobiles on Harney Street, it seems clear that she could not have been keeping a *constant* lookout for her safety while attempting to cross the street, as required under the above-cited authorities. Moreover, even if it be argued that she *may* have looked for approaching automobiles, the conclusion is inescapable that she had proceeded from a place of safety into the path of defendant's vehicle.

In his brief on appeal, however, the plaintiff argues that there is a presumption of due care exercised by the decedent in the situation before us, and that the rule is that where there is no eyewitness to an accident causing death, the presumption is raised by the instinct of self-preservation on behalf of deceased that she was not guilty of contributory negligence. The foregoing presumption was reiterated and approved by this court as late as the case of *Caradori v. Fitch*, 200 Neb. 186, 263 N.W.2d 649 (1978). We do not believe that principle is applicable under the facts of the instant case inasmuch as there is evidence in the record on that issue. The presumption of due care obtains only in the absence of any evidence, direct or circumstantial, on the issue of decedent's contributory negligence. In *Pearson v. Richard*, 201 Neb. 621, 629, 271 N.W.2d 326, 330 (1978), this court stated: "[T]he presumption in an action for wrongful death that a decedent exercised reasonable care for his own safety has no probative force, is a mere rule of law, obtains only in the absence of direct or circumstantial evidence justifying an inference on the subject, and disappears when evidence is produced."

We conclude, therefore, that the trial court was correct in sustaining defendant's motion for summary judgment in this case, that there was no question of material facts involved, nor any question as to the inferences or conclusions to be derived from such facts. We also conclude that plaintiff's decedent was guilty of contributory negligence more than slight as a matter of law, under the authorities above cited, and may not recover in this action. The judgment of the District Court must be, and hereby is, affirmed.

AFFIRMED.