LYNN DIDONATO, APPELLANT, V. BESSIE WILLIAMS, APPELLEE.

442 N.W.2d 378

Filed July 14, 1989.   No. 87-1079.

Jeffrey A. Silver, of Silver, Wieland & Haas, for appellant.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This appeal arises from a civil action in the district court for Douglas County for damages for personal injuries suffered by the plaintiff, Lynn Didonato, in a motor vehicle accident. On November 13, 1983, the plaintiff was sitting in the front passenger seat of a car driven by Carl Paniko, traveling eastbound on Maple Street in Omaha, Nebraska. The defendant, Bessie Williams, traveling westbound on Maple Street, attempted a left turn onto the southbound Interstate 680 onramp. The plaintiff suffered injuries when Paniko's car collided with the defendant's vehicle.

The plaintiff sued the defendant, alleging in her petition that Williams was negligent in (1) failing to maintain a proper lookout; (2) failing to have her vehicle under reasonable control; and (3) failing to yield the right-of-way to the vehicle in which the plaintiff was a passenger, in violation of Neb. Rev. Stat. § 39-636 (Reissue 1988).

During the trial and at the close of all the evidence, the plaintiff moved the court for a directed verdict on the issue of liability. The trial court overruled the motions and submitted the case to the jury, which returned a verdict in favor of the defendant. Subsequently, the plaintiff made a motion for a new trial or in the alternative for a judgment notwithstanding the verdict. The district court overruled the plaintiff's motion, and

this appeal followed.

In her sole assignment of error the plaintiff contends that the trial court erred in failing to direct a verdict in her favor.

> It is a well-settled rule in this jurisdiction that "[w]ith regard to the overruling of a motion for a directed verdict made at the close of all the evidence, our review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can only draw but one conclusion from the evidence, where an issue should be decided as a matter of law."

*Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 298, 436 N.W.2d 151, 159 (1989).

A review of the record shows that at the scene of the accident, Maple Street has two eastbound lanes and three westbound lanes, including a turning lane. The westbound turning lane provides access to the southbound Interstate 680 onramp. The defendant, who was traveling westbound, went into the turn lane, activated her left turn signal, and slowed to a stop. After letting some eastbound traffic clear the intersection, she looked to the west for any further oncoming eastbound traffic and saw no vehicles within a block of the intersection. As she began her left turn onto the Interstate 680 onramp, she saw Paniko's car, which was at least one block away, traveling eastbound in the outside lane. During the turn, the defendant's car began "sputtering," and the vehicle was unable to generate enough speed to clear the intersection. The defendant's car cleared the inside lane and was partially on the freeway onramp when Paniko's car ran into it. Prior to the accident, the defendant had not experienced any problems with her vehicle that day.

No testimony from Paniko was offered concerning how the accident happened, and the plaintiff had little recollection of the event. Didonato did not know which lane the Paniko vehicle was traveling in prior to the event, the speed of the Paniko vehicle prior to the accident, and the speed the defendant's vehicle was traveling just prior to the accident. Moreover, the plaintiff did not even see the defendant's car until Paniko screamed a moment before impact.

Relying on *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978), the plaintiff contends that the trial court erred in

refusing to direct a verdict in her favor on the issue of liability. Briefly, we held in *Floridia* that the defendant, who was making a left turn at an intersection, was negligent as a matter of law because he failed to see the plaintiff's car, which was in the favored position. *Floridia* is an example of the rule recently stated in *Getzschman v. Yard Co.*, 229 Neb. 231, 235, 426 N.W.2d 499, 502 (1988), that " ' "a driver who fails to see another who is favored over him is guilty of negligence as a matter of law." ' " However, we have also said that this rule does not apply where a driver sees the other car. *Eden v. Spaulding*, 218 Neb. 799, 359 N.W.2d 758 (1984). The plaintiff's reliance on *Floridia v. Farlee, supra,* is misplaced because the undisputed evidence shows that the defendant saw Paniko's car.

" 'Generally, the failure to see an approaching vehicle is not negligence as a matter of law unless the vehicle is undisputably located in a favored position.' " *Mitchell v. Kesting*, 221 Neb. 506, 508, 378 N.W.2d 188, 190 (1985).

> " 'Whether one failed to look or looked and failed to see a vehicle when it was within the limit of danger is a question for the jury, except in those cases where the evidence is so conclusive that the approaching vehicle was within the limit of danger that reasonable minds could not differ thereon. . . . Before a verdict can be properly directed in such a case the position of the oncoming vehicle must be definitely located in a favored position, that is, that it was within that radius which denotes the limit of danger, otherwise the question becomes one for the jury.' "

*Getzschman v. Yard Co., supra* at 236, 426 N.W.2d at 502. The evidence demonstrates that the Paniko vehicle was no closer than a block from the intersection when the defendant commenced her turn. Whether Paniko's car was in the favored position is an issue on which reasonable minds could differ. Therefore, this issue presented a question of fact to be resolved by the jury. Additionally, the mere stalling or temporary sputtering of a vehicle does not constitute negligence as a matter of law. *Piper v. Hill*, 185 Neb. 568, 177 N.W.2d 509 (1970). The trial court was correct in denying plaintiff's motions for a directed verdict and in submitting the case to the jury.

Accordingly, there being no error committed by the trial court, the jury verdict and judgment entered in favor of the defendant are affirmed.

AFFIRMED.