EMIL C. WEBBER, APPELLANT, V. CITY OF OMAHA, APPELLEE.

211 N. W. 2d 911

Filed November 9, 1973. No. 38898.

John T. Carpenter of Matthews, Kelley, Cannon & Carpenter, for appellant.

Herbert M. Fitle and James E. Fellows, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff appeals from a verdict for the city of Omaha in his action for damages for injuries sustained while confined in the Omaha city jail. He sustained the loss of his left eye when he was assaulted by other inmates of the cell in which he was placed. Plaintiff lists 10 assignments of error. We reverse.

This action was originally filed against the City of Omaha and other defendants. The City raised the defense of governmental immunity. See Webber v. Andersen (1971), 187 Neb. 9, 187 N. W. 2d 290. That case was returned to the District Court for trial against the city on plaintiff's allegations of negligence in his third cause of action of his amended petition.

Plaintiff in his petition alleges that prior to his injuries he was a healthy, active, married man 51 years of age, duly licensed to practice his profession of mechanical engineering. He testified that in the early evening of June 4, 1968, at approximately 7:30 p.m., he entered a bar in Omaha and remained there until approximately 12 a.m. During that period he consumed five or six whiskey and water drinks. He left the bar on foot and was arrested by members of the Omaha police department.

Plaintiff was taken to the police station and booked for intoxication. He objected to being placed in cell No. 2 because the three inmates already occupying that cell were awake and looked disheveled. He told the jailors, " 'I am afraid to go in there.' " He was pushed into the cell and the door was closed. The jailors returned to their office a few feet away and closed a solid steel door between their office and the cell. He yelled for a period of 10 to 15 minutes to draw the attention of the jailors and requesting removal from the cell, but to no avail. Plaintiff was attacked by the inmates and rendered unconscious. As a result of his confinement and the alleged negligence of the city's employees, he sustained serious and severe injuries,

necessitating the removal of his left eye.

Defendant's amended answer alleges that the direct and proximate cause of plaintiff's injury was his own contributory negligence in becoming intoxicated and in pursuing a course of conduct with wanton disregard to the nature and consequences of surrounding conditions.

Defendant's evidence would indicate that plaintiff was arrested on Seventeenth Street between Dodge and Douglas Streets when he was observed staggering and trying to stop cars. He was also "using obscenity." The witness, the police officer who observed plaintiff, was cautioned at the trial not to use plaintiff's exact wording because of the nature of the profanity. When plaintiff was taken to the police station he was placed in cell No. 2. He then started cursing and banging his shoe on the bars of his cell.

In several of his assignments of error plaintiff objects to the giving of certain instructions. These are instructions Nos. 3, 6, 7, 8, 9, 10, 13, 21, 22, 23, and 25. Instructions Nos. 3 and 7, taken together, are prejudicially erroneous and will be discussed later.

At the instructions conference plaintiff told the trial court that he had no objection to instructions Nos. 10, 13, 21, 23, and 25. He is now barred from contending that their submission was erroneous. The failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal. Libbey-Owens Ford Glass Co. v. L & M Paper Co. (1973), 189 Neb. 792, 205 N. W. 2d 523.

Instructions Nos. 6, 7, 8, and 9 were instructions on contributory negligence. Plaintiff's objection is premised on his contention that contributory negligence should not have been submitted. We are satisfied from the record that contributory negligence was a proper issue to be submitted to the jury.

Instruction No. 22 reads as follows: "The care required of a person who has become intoxicated volun-

tarily is the same as that required of a person who is sober." This instruction was taken verbatim from Remmenga v. Selk (1948), 150 Neb. 401, 34 N. W. 2d 757. It correctly states the law in this jurisdiction.

This leaves instructions Nos. 3 and 7. So far as material herein, instruction No. 3 reads as follows: "The defendant, City of Omaha, has filed an amended answer to the Third Amended Petition of the plaintiff, as amended, in which said defendant denies each and every allegation contained in plaintiff's petition; and further answering the said Defendant alleges that the direct and proximate cause of Plaintiff's injury was the contributory negligence of the Plaintiff in the following:

"(1)  Becoming intoxicated;

"(2)  In pursuing a course of conduct with wanton disregard to the nature and consequence of surrounding conditions."

Instruction No. 7, so far as material, reads: "To establish this defense (contributory negligence), the burden is on the defendant to prove by a preponderance of the evidence that the plaintiff was negligent in *one* or more of the particulars alleged in instruction No. 3 * * *." (Emphasis supplied.)

By these instructions the trial court told the jury that plaintiff would be guilty of contributory negligence if he became intoxicated. This was equivalent to directing a verdict for the defendant because the parties stipulated that at the time of plaintiff's arrest he was intoxicated.

These instructions, taken together, were prejudicially erroneous. The fact that a person was intoxicated is a circumstance which may be considered in determining whether he exercised the degree of care for his own safety which a prudent sober person would exercise under the same or similar circumstances. The mere fact that he was intoxicated at the time he was injured does not of itself constitute contributory negligence. See Remmenga v. Selk (1948), 150 Neb. 401, 34 N. W. 2d 757.

In that same case we held: "The care required of a person who has voluntarily become intoxicated is the same as that required of one who is sober. If he fails to exercise that degree of care for his own safety which an ordinarily prudent sober person would exercise under the same or similar circumstances, and such failure contributes as a proximate cause to the injury of which he complains, he is guilty of contributory negligence."

Plaintiff's assignment of error No. 3 complains of certain rulings on objections relative to plaintiff's excessive use of alcohol. Plaintiff stipulated that at the time of his arrest he was intoxicated. On the retrial herein the fact that his first marriage was dissolved because of his alleged excessive use of alcohol, or that he was arrested for drunken driving, would be immaterial in light of his admission.

Plaintiff's assignment of error No. 4 is directed to the admission in evidence of two criminal jackets on chronic drunks having no connection with this case. The admission of this evidence was improper, and should not occur on a retrial.

The judgment herein is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.