SANDRA L. REMELIUS, APPELLANT, V. GERALD A. RITTER, APPELLEE.

386 N.W.2d 860

Filed May 16, 1986.   No. 85-276.

H.E. Hurt of Hurt, Gallant & Flores, for appellant.

Donald D. Schneider of Simmons & Schneider, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order sustaining a motion for summary judgment. The plaintiff below appealed a judgment denying damages for personal injury arising from an automobile accident which occurred on February 1, 1984. At approximately 8:30 a.m. plaintiff, Sandra L. Remelius, was proceeding westbound on Sherman Street in the city of West Point in her 1978 Ford automobile. Defendant, Gerald A. Ritter, was driving his 1982 Chevrolet pickup truck southbound on Oak Street. The vehicles collided at the intersection of Sherman and Oak Streets. Plaintiff suffered injuries and sued defendant in the district court for Cuming County for damages for personal injuries, medical expenses, loss of wages, and pain and suffering. On February 12, 1985, the court found no genuine issue as to any material fact and that plaintiff was more than slightly negligent as a matter of law in failing to yield the right-of-way to the defendant. The defendant was granted summary judgment. Plaintiff's motion for a new trial was overruled and this appeal followed.

Plaintiff asserts the trial court erred in determining that there was no genuine issue of material fact with respect to the speed at which defendant's vehicle was traveling and that plaintiff's negligence, as a matter of law, was more than slight and sufficient to bar her recovery. We find that the trial court acted properly, and we affirm.

The evidence offered in support of the motion for summary judgment included the depositions of the plaintiff, the defendant, and the police officer who investigated the accident. The plaintiff offered her affidavit and that of her attorney. A party is entitled to summary judgment if it is shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979).

In considering a motion for summary judgment, the evidence is to be viewed most favorably to the party against whom the motion is directed, giving to that party the benefit of

all the favorable inferences which may reasonably be drawn from the evidence. The party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists; that party must therefore produce enough evidence to demonstrate his entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *Gall v. Great Western Sugar Co.*, 219 Neb. 354, 363 N.W.2d 373 (1985). Where the facts adduced on an issue are such that reasonable minds can draw but one conclusion, the court must decide the question as a matter of law rather than submit it to the jury for determination. *Hennings v. Schufeldt, ante* p. 416, 384 N.W.2d 274 (1986).

In plaintiff's deposition she testified that the intersection is open and unmarked and that it was daylight at the time of the collision. She was traveling at 10 to 15 miles per hour as she approached the intersection, looked to the left and right, but did not see any approaching vehicles. Plaintiff first noticed the defendant's vehicle when her car was over halfway into the intersection and immediately accelerated and swerved to the left in order to avoid a collision. Plaintiff stated that she heard the brakes squeal on defendant's vehicle immediately after she saw it. Plaintiff declined the investigating police officer's offer to call the rescue squad, but was treated and released from the hospital later that morning. Immediately after the collision, plaintiff told defendant that she was concerned that her 5-year-old son was home alone, and she used a nearby phone to call her father to ask him to pick up her son. In her deposition plaintiff stated that she did not observe defendant's vehicle long enough to form an opinion as to its speed.

Defendant stated in his deposition that he was traveling at 20 miles per hour and that the speed limit is 25 miles per hour. He looked to the left and the right, looked again to the left, observed plaintiff's vehicle approaching, and took his foot off the accelerator when her car was about 10 feet from the intersection. About 2 seconds later, defendant applied his brakes, heard them squeal, and then the front of his truck struck the right side of plaintiff's car. He and his young son sustained no injuries, but his truck was damaged. Defendant

stated that there was nothing wrong with his brakes on the day of the accident. He further testified that the sun rising in the east interfered slightly with his ability to observe traffic coming from the left.

The chief of police of the city of West Point investigated the collision. In his deposition he testified that the intersection where the collision occurred is in a residential neighborhood, that there were no obstructions to view, no vehicles parked nearby, that the streets are concrete, that it was a chilly day, and that the streets were dry. He confirmed that it was daylight and that the intersection is an open one with no traffic controls. The chief measured the skid marks made by defendant's vehicle and found them to be 20 feet in length. There was no evidence of drinking by either driver. The investigator concluded that neither vehicle had been traveling at an excessive rate of speed. No one other than the parties observed the collision.

The following statutes are applicable in this case. Neb. Rev. Stat. § 39-635 (Reissue 1984) states in part: "When two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Neb. Rev. Stat. § 39-602(81) (Reissue 1984) provides: "Right-of-way shall mean the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other."

Plaintiff initially pled that the collision was caused solely and proximately by the negligence of the defendant in the following respects: (1) In failing to keep his vehicle under reasonable control; (2) In failing to keep a reasonable and proper lookout for other vehicles lawfully using the street; (3) In driving his vehicle at a speed greater than was reasonable and prudent under the conditions then existing; and (4) In failing to yield the right-of-way to the vehicle driven by the plaintiff.

Defendant, as he approached the intersection to the right of plaintiff, had the right to assume that she would act in a lawful manner, and until he had warning, notice, or knowledge to the contrary, he was entitled to govern his actions in accordance

with that assumption. *Coyle v. Stopak*, 165 Neb. 594, 86 N.W.2d 758 (1957). The evidence gives no indication of negligence on his part. There is no evidence that he failed to control his vehicle, that he failed to keep a proper lookout, that his speed was excessive, or that he should have yielded the right-of-way to the vehicle driven by plaintiff.

On the other hand, there is no reasonable explanation for plaintiff's failure to see defendant's truck in time to yield the right-of-way, except that she did not keep a proper lookout. This court has consistently adhered to the rule that the failure to see an approaching vehicle is negligence as a matter of law where such vehicle is indisputably located in a favored position. *Krul v. Harless, ante* p. 313, 383 N.W.2d 744 (1986); *Mitchell v. Kesting*, 221 Neb. 506, 378 N.W.2d 188 (1985).

Defendant met his burden of producing enough evidence to demonstrate his right to a judgment as a matter of law, and plaintiff did not produce contrary evidence. Under these circumstances the trial court acted correctly in granting defendant's motion for summary judgment.

AFFIRMED.

WHITE, J., participating on briefs.