ROBERT HIRSCHMAN, APPELLANT, V. KEVIN MADDOX, APPELLEE.
389 N.W.2d 297

Filed June 27, 1986. No. 85-170.

Thomas L. Kovanda of Anderson, Vipperman, Hinman, Hall & Kovanda, for appellant.

D. Steven Leininger of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an action brought by plaintiff-appellant, Robert Hirschman, against the defendant-appellee, Kevin Maddox, for damages as a result of a farm accident that occurred when Hirschman was employed as a farmhand by Maddox. Hirschman asserted that Maddox was negligent in failing to warn Hirschman, to supervise him, and to provide him a safe place to work. Maddox answered that Hirschman's negligence barred his recovery and that he assumed the risk of his actions. The court granted Maddox's motion for summary judgment and overruled a motion for a new trial. This appeal followed.

Hirschman assigns three errors which may be summarized as the district court erred in granting summary judgment because there are genuine issues of material fact with respect to the negligence of the parties and the appellant's assumption of risk.

The facts are as follows. Hirschman was employed as a common farmhand or laborer by Maddox on July 25, 1983. Hirschman was born and raised on a farm, helped his father with farming while growing up, has driven a tractor since he was 9 years old, and considers himself an experienced farmer. He performed general farmwork for Maddox and did so without being personally supervised by Maddox. A few days before the accident, Hirschman devised a method of towing a three-wheeled motorcycle used for getting around between fields behind a disk, which was in turn towed by a tractor. After

successfully using this method to tow the motorcycle, Hirschman informed Maddox of what he had done and showed him the method he had used. Maddox expressed approval, but suggested that Hirschman use rubber tarp straps instead of baling wire to attach the motorcycle to the disk because the wire scratched the paint on the motorcycle.

The next workday Hirschman, who had used tarp straps many times and was familiar with their characteristics, selected straps in lengths he felt were appropriate for the towing arrangement. He testified in his deposition that he was aware that the straps were made of rubber and that they would snap back like a rubberband after being stretched and released. He further testified that his concern that the straps might snap back and hit him caused him to handle them carefully when he attached the motorcycle to the disk. While he was towing the disk and the motorcycle, the motorcycle came into contact with the disk in such a manner that further movement would have caused damage to the machinery. Hirschman tried to reposition the motorcycle, which required adjusting the rubber strap which was under tension. The strap snapped free and came into contact with Hirschman's left eye, breaking his glasses. Glass entered Hirschman's eye, and the injuries he sustained caused him to spend 17 days in the hospital and lose the sight in his left eye. There were no witnesses to the accident. Maddox was not present when Hirschman selected the straps nor when he used them to tow the motorcycle.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Schrodt v. Sullivan Transfer & Storage Co.*, 222 Neb. 347, 383 N.W.2d 767 (1986). Plaintiff and defendant in this case offered their versions of the facts through their depositions. There is no conflict whatsoever in their testimony regarding events of which they both had knowledge. Therefore, there is no issue of material fact with respect to the circumstances leading up to the accident.

Hirschman alleges that Maddox was negligent in failing to

warn Hirschman, to supervise him, and to provide him a safe place to work. Maddox asserts that Hirschman's negligence barred his recovery and that Hirschman assumed the risk of his actions.

> The duty to warn others of a particular peril is not absolute; the necessity therefor depends, among other things, upon the age, intelligence, and information of those to whom the warning might be due, and the obligation disappears entirely where it is shown that the injured person did in fact know of and fully appreciate the peril.

57 Am. Jur. 2d *Negligence* § 126 at 477 (1971). It is clear from Hirschman's testimony that he appreciated the risks involved with using rubber straps as he did. He does not allege that Maddox was negligent in directing him to use the straps in an inappropriate or dangerous manner. When asked if he believed that Maddox should have warned him not to use tarp straps, Hirschman replied, "I do not know what Kevin should have told me or not, because I don't know how much knowledge he knows of it." Hirschman admitted to possessing the knowledge that the straps were made of rubber and might snap back and hit him if he did not handle them carefully. Based on this testimony, it was not error for the trial court to determine that Hirschman's negligence barred his recovery and that he assumed the risk of his actions.

We are required to view the evidence most favorably to the party against whom the motion for summary judgment is directed, giving to that party the benefit of all the favorable inferences which may reasonably be drawn from the evidence. *Remelius v. Ritter*, 222 Neb. 734, 386 N.W.2d 860 (1986). It is clear that the trial court did just that and correctly determined that Maddox was entitled to judgment as a matter of law. We find no fault with the court's reasoning and affirm the judgment.

AFFIRMED.