MICHAEL PHILLIPS, APPELLANT AND CROSS-APPELLEE, V. CITY OF OMAHA, APPELLEE AND CROSS-APPELLANT.
417 N.W.2d 12

Filed December 24, 1987.  No. 85-420.

Martin A. Cannon of Matthews & Cannon, P.C., for appellant.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Timothy M. Kenny, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Plaintiff-appellant, Michael Phillips, brought this action under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983), seeking damages from the defendant-appellee, City of Omaha, for injuries suffered by the plaintiff after having been struck by a police cruiser. In his amended petition, plaintiff alleged that the cause of the accident was the negligence of Officer Mark Foxall, an agent and servant of the City of Omaha, in failing to operate his vehicle at a safe rate of speed under the existing conditions, in failing to keep a proper lookout, in failing to maintain control of his vehicle, in turning from a direct course without first determining that such a move could be safely made, and in failing to activate his red lights or siren to signal his excessive speed. The defendant, City of Omaha, in its amended answer,

generally denied any negligence and pled that the proximate cause of the accident was plaintiff's own contributory negligence, which was more than slight and sufficient to bar recovery. The defendant alleged that plaintiff's contributory negligence included crossing a traveled street at a place other than that designated; crossing a street in a highly intoxicated state; becoming voluntarily intoxicated; and stepping from a point of safety into a traveled portion of the street, a place of danger. The defendant further alleged that the plaintiff had assumed the risk associated with his conduct in proceeding from a place of safety into the street from between parked vehicles without regard to oncoming traffic and while in a highly intoxicated state.

After the trial was concluded, but before the court rendered its decision, plaintiff filed a motion for the purpose of establishing that he had complied with the procedural requirements of the Political Subdivisions Tort Claims Act. The trial court found plaintiff had so complied, and determined that the court had jurisdiction of the case.

The district court found that Officer Foxall was negligent in operating his cruiser at a speed greater than reasonable and prudent under the conditions. The court also found that the officer had kept a proper lookout, that he had his vehicle under reasonable control, that he was not negligent in turning from a direct course on the highway, and that he was not negligent in not activating his red lights or siren.

The court concluded that because of the plaintiff's physical state relative to alcohol, the plaintiff could not have known and appreciated the danger, and therefore the defense of assumption of the risk was not applicable to the facts of this case. The court further found that the plaintiff's own conduct was negligent and that this negligence contributed proximately to the injury and was sufficient to bar recovery.

The plaintiff timely appealed to this court. The plaintiff set out 16 assignments of error in his appeal. They may be consolidated into three: (1) whether admissible evidence was sufficient to support the trial court's findings in determining that defendant's servant, Officer Foxall, was negligent only in operating his vehicle at an unsafe speed; (2) the court erred in

finding that that negligence was slight as compared to plaintiff's own negligence, which contributed proximately to the injury and which was gross and sufficient to bar recovery; and (3) the court erred in the manner in which it considered plaintiff's intoxication in connection with plaintiff's actions. In its cross-appeal, the defendant alleges that the trial court erred in determining that plaintiff had complied with the procedural requirements of § 23-2405 of the Political Subdivisions Tort Claims Act. For the reasons hereafter stated, the judgment of the trial court is affirmed.

Because defendant's cross-appeal attacks the jurisdiction of the trial court, it will be considered first. The record shows that on April 14, 1983, plaintiff filed a written claim with the city in accordance with the State of Nebraska Political Subdivisions Tort Claims Act, §§ 23-2401 et seq. On April 15, the city acknowledged receipt of plaintiff's "claim letter." On December 19, 1983, plaintiff filed his petition. In section 1 of this petition, plaintiff alleged:

> On or about April 14, 1983, Plaintiff made a claim for damages for the wrong alleged in this suit by mailing a certified letter to the City of Omaha. Defendant City of Omaha has failed to make final disposition of this claim within six (6) months of the initial filing, and by way of this Petition, Plaintiff gives notice of the withdrawal of that claim.

While apparently contending that plaintiff had not complied with the procedural requirements of the Political Subdivisions Tort Claims Act before filing his petition, the city has not complied with our rules and has not set out an assignment of error as required by Neb. Ct. R. of Prac. 9D(2)c (rev. 1986), which incorporates rule 9D(1)d. That rule provides that "consideration of the case will be limited to errors assigned and discussed." See *Baggett v. City of Omaha*, 220 Neb. 805, 373 N.W.2d 391 (1985). Although the cross-appeal does not contain an assignment of error, the city's point is clear, and we have examined the record on the point. The trial court's determination that it had jurisdiction is affirmed.

With regard to plaintiff's appeal, the record shows that on the evening of April 8, 1983, the plaintiff had been visiting with

friends and family at a recreational center located at 1812 North 24th Street, on the west side of the street. The weather at that time was rainy, with the rain intermingled with snow. At approximately 9:30 p.m., the plaintiff left the building to go to his car, which was parked on the east side of 24th Street. There was no marked crosswalk at this point. At this same time, Officers Mark Foxall and Rozalyn Smith of the Omaha Police Division, in a police cruiser, were patrolling their beat, which encompassed the approximately 3-mile strip of 24th Street between Cuming Street and Ames Avenue. Foxall was driving the vehicle in a southbound direction on 24th Street at approximately 30 to 35 miles per hour. At a point south of the alley in the middle of the block between Decatur and Parker Streets, plaintiff stepped from between two parked vehicles to cross the street. Plaintiff testified that he looked to his left before crossing and noticed headlights, which appeared to him to be two or three blocks away, and that he then looked to his right and then back left before crossing the street. As Foxall neared the alley in the middle of the block, Smith saw a person step into the street and shouted a warning to Foxall. The person kept walking and, according to Foxall, upon realizing the plaintiff was stepping into his driving lane, Foxall swerved to his left and slammed on the brakes. The cruiser struck the plaintiff with the right corner of the cruiser and lifted him onto the hood and into the windshield of the vehicle. The cruiser then struck the left rear fender of a car going north. The plaintiff was carried further and then thrown from the vehicle. As a result of the impact, the plaintiff suffered multiple injuries and was rendered a quadriplegic.

After trial, the court found, by a preponderance of the evidence, that defendant's officer was negligent in driving at 30 to 35 miles per hour, which was an excessive speed for the conditions of rain and snow present at the time of the accident. The court found defendant's officer was not negligent in the other particulars alleged by plaintiff.

The court then found that plaintiff was guilty of contributory negligence in that he failed to yield the right-of-way to defendant's officer. In so finding, the court determined that plaintiff had suddenly left the curb and had

walked into the path of defendant's vehicle, in violation of Neb. Rev. Stat. § 39-642(2) (Reissue 1984), and that plaintiff had violated the provisions of Neb. Rev. Stat. § 39-643(1) (Reissue 1984) in failing to yield the right-of-way. The trial court properly noted that "[t]he violation of a statute or an ordinance regulating traffic does not constitute negligence as a matter of law, but is evidence of negligence to be considered by the trier of fact . . . ." *Schutz v. Hunt*, 212 Neb. 228, 322 N.W.2d 414 (1982).

The court specifically found:

It is clear that Officer Foxall had the favored position. It also is important to note that a driver of a vehicle having the right-of-way is not required to anticipate[a] that a pedestrian will violate such a law. Doan v. Hoppe, 133 Neb. 767 (1938). It is clear from the evidence that Michael Phillips breached this duty of care relative to right-of-way as he started to cross 24th Street on a dark, rainy-snowy night knowing that vehicles were coming from both directions. The Plaintiff was in a place of safety and moved into a danger zone in the area of mid-block. It has been stated many times that want of ordinary care and not knowledge of the danger is the test of contributory negligence.

The Court finds that the Plaintiff was negligent in that he breached his duty of care and that he made an improper crossing of 24th Street under the circumstances then and there existing. One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid obvious dangers, is negligent. Garcia v. Howard, 200 Neb. 57, 61 (1978). One who is in a place of safety and is aware of a moving vehicle in close proximity to him, and who moves from such place of safety into the path of a vehicle and is struck, is, by his own conduct, guilty of negligence more than slight sufficient to defeat his recovery. Although a pedestrian may have a perfect right to be where he is, nevertheless, he is bound to exercise reasonable care for his own safety. Ybarra v. Wassenmiller, 206 Neb. 164, 171, 172 (1980). The above rules apply to the facts of this case and to the Plaintiff.

The court, in its findings and order, also recognized that defendant had alleged in its answer that "Plaintiff was contributorily negligent based on alleged intoxication." The court properly noted that intoxication in and of itself does not constitute contributory negligence. This court specifically so held in *Webber v. City of Omaha*, 190 Neb. 678, 211 N.W.2d 911 (1973), a case involving this same defendant, but the city presented the issue in this case that plaintiff was guilty of an act of contributory negligence in "4) becoming voluntarily intoxicated." The city's contention in this regard is completely without merit.

The court then found "by a preponderance of the evidence, in comparing the negligence of the parties, that the Plaintiff's negligence was more than slight and in fact gross and in comparison Officer Foxall's negligence was less than gross and in fact slight." (Emphasis in original.)

Plaintiff's action is against the City of Omaha, a political subdivision of the State of Nebraska, and therefore the case was tried to the court sitting without a jury. § 23-2406. The findings of fact of the trial court in a proceeding under the Political Subdivisions Tort Claims Act will not be set aside unless such findings are clearly incorrect. *Hughes v. Enterprise Irrigation Dist.*, 226 Neb. 230, 410 N.W.2d 494 (1987). In our review, this court must consider the evidence in the light most favorable to the successful party, resolving any conflicts in the evidence in favor of that party and giving to that party the benefit of all reasonable inferences that can be deduced from the evidence. It is not the province of this court to resolve evidentiary conflicts or to weigh the evidence. *Maple v. City of Omaha*, 222 Neb. 293, 384 N.W.2d 254 (1986).

The trial court found Officer Foxall negligent only in driving at an excessive speed for the existing conditions, and found the officer was not negligent in the other particulars alleged by plaintiff. The court concluded, however, that this negligence was only slight when compared to the contributory negligence of the plaintiff and that plaintiff's negligence was gross in comparison. Contributory negligence is conduct for which the plaintiff is responsible, amounting to a breach of the duty imposed upon persons to protect themselves from injury and

which, concurring with actionable negligence on the part of the defendant, is a proximate cause of injury. *McMullin Transfer v. State*, 225 Neb. 109, 402 N.W.2d 878 (1987); *Steinauer v. Sarpy County*, 217 Neb. 830, 353 N.W.2d 715 (1984).

Our review of the record, in the manner set out above, shows that there was sufficient evidence, although contradicted in some respects, to fully support the trial court's findings as to the negligence of each party and as to comparative negligence of the parties.

A confusing issue is injected in the case in connection with the trial court's consideration of plaintiff's alleged intoxication. In the cross-examination of a neurosurgeon called as plaintiff's witness, the court admitted an exhibit offered by defendant, over plaintiff's objection as to foundation, and stated:

> With what I indicated in chambers. To make it a matter of record, I indicated that you cannot ask any questions in regards to that exhibit relative to any of the chemical tests, as to the question of intoxication or nonintoxication, or under the influence or not under the influence.

The exhibit was a hospital record and showed that a blood workup from samples of blood taken from plaintiff showed a blood alcohol level of .26 percent. There was no other evidence indicating that plaintiff was intoxicated. After the exhibit was received, defendant cross-examined the witness, without specific reference to the exhibit, as to the general effect of alcohol. The witness testified that the effect of such a blood alcohol level would vary from person to person and that "[j]ust the mere fact" of such a level, without other evidence, would not give a basis for an inference of any want of control of a person's mental or physical faculties.

Although the court had limited the consideration to be given the hospital record as set out above, the court did find that plaintiff's "blood alcohol was .26 based on an analysis shortly after the accident." It would appear that if this matter of intoxication were submitted to a jury, in the circumstances of this case, the court would have committed error.

Nonetheless, in this action tried to the court, a full reading of the trial court's detailed opinion lends to the conclusion that the court did not err. The court found specifically that plaintiff was

guilty of contributory negligence in his actions. We have set out above that the evidence before the court supports those findings. The court in further explanation stated in its order:

> The care required of a person who has voluntarily ingested alcohol is the same as that required of a non-consumer; but if he fails to exercise that degree of care for his own safety which an ordinary prudent sober person would exercise, under the same or similar circumstances, and such failure contributes as a proximate cause to the injury of which he complains, he is guilty of contributory negligence. Webber v. City of Omaha, 190 Neb. [678], 682 (1973). This rule is applicable to our facts.

The court thus determined that plaintiff, whether drinking intoxicating liquors or not, was guilty of negligence. The effect of the court's order was to state that plaintiff, if intoxicated, was held to the same standards as a person not intoxicated, and examination of plaintiff's actions in crossing the street, at the place and in the manner set out, constituted contributory negligence sufficient to bar recovery. We conclude that there was no prejudicial error in the trial court's treatment of the intoxication issue.

When determining the exercise of reasonable care or the breach of duty of that care, the determination must be made based on the circumstances of each case. In the case at bar, the trier of fact determined that plaintiff was guilty of contributory negligence. After a careful review of the record, we determine that, although there was evidence to the contrary, the trial court's finding that plaintiff was guilty of contributory negligence sufficient to defeat recovery is supported by the evidence and is not clearly wrong. In the absence of any error, the judgment of the trial court in favor of defendant, City of Omaha, is affirmed.

AFFIRMED.

GRANT, J., not participating.