HAROLD L. HINES, APPELLANT, V. ELMER E. POLLOCK, APPELLEE.
428 N.W.2d 207

Filed August 26, 1988.   No. 86-722.

O. William VonSeggern, of Grimminger & VonSeggern, for appellant.

D. Steven Leininger, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

GRANT, J.

This is an appeal from an order sustaining defendant's motion for summary judgment in the district court for Hall County. Plaintiff-appellant, Harold L. Hines, filed a petition on February 19, 1985, alleging that he had sustained personal injuries when he was struck by a truck operated by the defendant-appellee, Elmer E. Pollock. In his petition plaintiff alleged defendant was negligent in failing to keep his vehicle under reasonable control; in failing to keep a proper lookout; and in failing to yield the right of way to plaintiff, a pedestrian. The defendant answered, denying that his truck had struck the plaintiff, and alleging that the sole proximate cause of plaintiff's injuries was the negligence of plaintiff. Both the plaintiff and the defendant filed separate motions for summary judgment. Plaintiff's motion sought a summary judgment on the issue of defendant's liability "for the reason that the testimony of the Defendant clearly states that he knew the Plaintiff was an incapacitated person and the Defendant had an absolute duty to avoid injury to the Plaintiff, pursuant to Nebraska Revised Statute Section 39-644 . . . ." On August 5, 1986, the matter came on for hearing on defendant's motion for summary judgment. At the hearing, defendant offered into evidence three depositions in support of his motion. On August 12, 1986, the court sustained the defendant's motion for summary judgment and dismissed the action. Plaintiff appeals, contending that the decision of the trial court is contrary to the evidence and the law and that the trial court erred in granting defendant's motion for summary judgment and in failing to properly apply the provisions of Neb. Rev. Stat. § 39-644 (Reissue 1984).

In considering a motion for summary judgment, the

evidence is to be viewed most favorably to the party against whom the motion is directed, giving to that party the benefit of all the reasonable inferences which may reasonably be drawn from the evidence. The party moving for summary judgment is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Hirschman v. Maddox*, 223 Neb. 302, 389 N.W.2d 297 (1986); *Remelius v. Ritter*, 222 Neb. 734, 386 N.W.2d 860 (1986); Neb. Rev. Stat. § 25-1332 (Reissue 1985).

The record, as set out in the depositions of plaintiff, defendant, and a witness, shows, without contradiction, that the plaintiff went to Our Place Bar in Grand Island, Nebraska, on January 11, 1984. Our Place Bar is on the southwest corner of Walnut and West 4th Streets, and fronts on Walnut Street. West 4th Street runs east and west, and Walnut runs north and south. Plaintiff was at the bar from 3 until approximately 11:45 p.m. During that time, the plaintiff "had a few" drinks. Plaintiff requested a ride home from a friend, who agreed to plaintiff's request. The plaintiff and two of his friends left the bar through the rear exit of the tavern. Plaintiff testified that he headed north across West 4th Street at a point about "a fourth [of a block] from the crosswalk." In his petition, plaintiff alleged that he was walking north across West 4th Street "at a point approximately 83'5" east of the intersection of Walnut Street and West 4th." This is obviously in error. Plaintiff's deposition and all the other evidence show that the plaintiff crossed this street west of the intersection, but the fact that plaintiff crossed the street between intersections is settled. Plaintiff testified that he was between parked cars when he looked to his right and to his left for traffic and saw "nothing." Plaintiff then proceeded to walk across the street. Plaintiff testified that he was "almost to the other side of the street when I noticed the pickup and I figured I had time to make it." Plaintiff further testified he was north of the center of the street when he saw the pickup truck coming.

The defendant testified that he was driving eastbound on

West 4th at 15 to 20 miles per hour when he first noticed the plaintiff and two others entering the street. At that time they were approximately 100 to 150 feet east of the defendant. The defendant observed that the plaintiff and his friends appeared to be intoxicated. Defendant then slowed his vehicle to 3 to 5 miles an hour. The defendant testified that he was approximately 50 feet west of the three people when they reached the centerline of the street. The defendant testified that when the plaintiff reached the center of the street, the plaintiff headed northeast while the others headed northwest. When the plaintiff was 4 to 6 feet north of the centerline, the defendant testified, the plaintiff quickly turned and stumbled back toward defendant's vehicle. Defendant stopped his vehicle. The deposition of one of plaintiff's friends established that she thought defendant had safely proceeded north past the centerline of West 4th Street.

In his first two assignments of error, the plaintiff contends that the decision and judgment of the trial court are contrary to the law and evidence. Plaintiff argues that the facts of the case presented an issue which should have been submitted to the jury. The gist of plaintiff's argument is that had he not been intoxicated at the time of the accident, he would have had sufficient time to safely cross the street.

With regard to plaintiff's intoxicated condition at the time of the accident, we have held that while intoxication in and of itself does not constitute contributory negligence, the care required of a person who has voluntarily become intoxicated is the same as that required of one who is sober. *Webber v. City of Omaha*, 190 Neb. 678, 211 N.W.2d 911 (1973). See, also, *Phillips v. City of Omaha*, 227 Neb. 233, 417 N.W.2d 12 (1987).

With regard to the plaintiff's duty of care, a pedestrian crossing between intersections is held to a higher standard of care than one crossing at a crosswalk, where the pedestrian is afforded the right-of-way. *Gerhardt v. McChesney*, 210 Neb. 351, 314 N.W.2d 258 (1982). A pedestrian crossing between intersections is required to keep a constant lookout for his or her own safety in all directions of anticipated danger. *Gerhardt v. McChesney, supra.* When crossing at a point not within the crosswalk, a pedestrian is required to yield the right-of-way to

all vehicles on that roadway. Neb. Rev. Stat. § 39-643(1) (Reissue 1984).

In the present case, the plaintiff testified that he observed the defendant's vehicle at a distance of approximately 100 to 150 feet, after plaintiff had crossed the centerline of the street. After that point, the plaintiff remembers nothing. At the point where the plaintiff crossed the centerline, he was in the westbound lane and in a place of safety, as he was no longer in the path of the defendant's eastbound vehicle. There is no reasonable explanation for the plaintiff's sudden backward movement toward the defendant's vehicle. It is even unclear whether or not the defendant's vehicle ever came into contact with the plaintiff. The plaintiff cannot remember whether or not he was struck by the defendant's vehicle, and the defendant testified that at the time of the accident, there was no impact with his vehicle. Plaintiff's first two assignments of error are without merit.

In his third assignment of error, the plaintiff contends that the trial court erred in granting defendant's motion and failing to properly apply the provisions of § 39-644. That statute provides as follows:

Notwithstanding the other provisions of sections 39-601 to 39-6,122, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give an audible signal when necessary and shall exercise proper precaution upon observing any child or obviously confused or incapacitated person upon a roadway.

Defendant's alleged violation of this statute was not set out in plaintiff's petition as a specification of negligence, but was injected into the case in plaintiff's motion for summary judgment, which was not ruled on. Nonetheless, we will consider it.

Plaintiff contends that since he was intoxicated at the time of the accident, he was an "obviously confused or incapacitated person" within the meaning of § 39-644. Brief for appellant at 9. Plaintiff further contends that § 39-644 "clearly and specifically" excepts the operation of § 39-643, which pertains to the duty of care required by a pedestrian who crosses the

street between intersections. We find nothing in § 39-644 which would lead us to such a conclusion. The statute merely sets out a higher standard of care in the situations described in the statute. The evidence does not show that defendant violated any standard of care in this case. Plaintiff's third assignment of error is without merit.

The judgment of the district court sustaining defendant's motion for summary judgment and dismissing plaintiff's case is affirmed.

AFFIRMED.