980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Terry L. HOVEY, Plaintiff-Appellant,
v.
Richard I. HEDKE, Defendant-Appellee.
 No. 91-3624NE
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: December 7, 1992.
 
 1
 Before BOWMAN and LOKEN, Circuit Judges, and HUNTER,* Senior District Judge.
 
 PER CURIAM
 
 2
 Appellant Terry L. Hovey brought this diversity action in the United States District Court for the District of Nebraska seeking to recover damages resulting from an automobile accident. The district court, upon recommendation of the Magistrate, dismissed appellant's complaint on appellee's motion for summary judgment. The district court based its determination on the conclusion that appellant was contributorily negligent to an extent sufficient to bar recovery under Nebraska law. We agree and affirm.
 
 
 3
 This appeal originated as a negligence action filed by Appellant Terry Hovey against Appellee Richard Hedke. The theory of the case is negligent entrustment of a sports car. For the purpose of summary judgment, the district court assumed that: (1) appellee negligently entrusted his car to the appellant because he knew appellant was intoxicated to the point that he was unable to drive; (2) appellee knew appellant intended to drive the car on public highways; (3) appellee compounded his negligence by participating in a speed contest with the appellant; and (4) appellant suffered injuries as a result of the accident.
 
 
 4
 Nebraska law recognizes negligent entrustment as a viable cause of action. See Deck v. Sherlock, 162 Neb. 86, 75 N.W.2d 99 (1956). At all times relevant to the accident, Nebraska had in place a statutory scheme of contributory negligence.[1] The Nebraska statute provides in pertinent part:
 
 
 5
 In all actions brought to recover damages for injuries to a person or to his property caused by negligence ... of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence ... of the defendant was gross in comparison....
 
 
 6
 Neb. Rev. Stat. § 25-21, 185 (Reissue 1989); see also Horst v. Johnson, 237 Neb. 155, 160-62, 465 N.W.2d 461, 465 (1991) (defining contributory negligence).
 
 
 7
 In this case, Appellant Hovey, Appellee Hedke and a female friend of Hedke were drinking together at a tavern in McCook, Nebraska. Appellant drank to the point of intoxication. At approximately 1:00 a.m., the three left the tavern. Appellee and his female friend left together in the woman's car. Appellant left in Appellee Hedke's car. At approximately 1:30 a.m., appellant was involved in a one-car accident on a highway in Hitchcock County, Nebraska. For purposes of summary judgment the district court assumed that, prior to the accident, appellee was involved in a high speed contest with the appellant.
 
 
 8
 The district court granted appellee's motion for summary judgment, concluding that the trier of fact could not find that appellant's negligence was "slight" and appellee's negligence was "gross" in comparison; therefore, being more than slightly responsible for his own injuries, appellant is barred from recovering damages for his injuries, as a matter of law.
 
 
 9
 The following principles of Nebraska law are key to the district court's determination. In the proper case, determination of the sufficiency of a plaintiff's contributory negligence to bar recovery may be made as a matter of law, rather than being left to the jury. See, e.g., Fetty v. Seward County Rural Public Power District, 238 Neb. 672, 471 N.W.2d 756 (1991); see also Koncaba v. Scotts Bluff County, 237 Neb. 37, 464 N.W.2d 764 (1991). Voluntary intoxication, Fortin v. Hike, 205 Neb. 344, 287 N.W.2d 681 (1980), and speeding, Kumar v. Douglas County, 234 Neb. 511, 452 N.W.2d 21 (1990), each constitute evidence of negligence. See also Hines v. Pollock, 229 Neb. 614, 428 N.W.2d 207 (1988) (a person who voluntarily becomes intoxicated will be held to same standard of care as a person who is sober). In cases "[w]here a person is injured by the racing of two or more other parties on a public highway, all engaged in the race are liable" even though only one of the vehicles was involved in the accident giving rise to the injury. Janssen v. Trennpohl, 228 Neb. 6, 11, 421 N.W.2d 4, 7 (1988) (quoting Thomas v. Rasmussen, 106 Neb. 442, 444-45, 184 N.W.2d 104, 105 (1921)).
 
 
 10
 We determine that the district court committed no error of law. Accordingly, its decision is AFFIRMED. See 8th Cir. Rule 47B(4).
 
 
 
 *
 The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 Effective January 1, 1992, the Nebraska Legislature adopted a comparative negligence statute